**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00252**

| | |
|---|---|
| Walter L. Hart IV <br> Maria Harris, <br><br> Plaintiffs, <br><br> v. <br><br> Union County <br> Wanda Sue Larson, <br><br> Defendants | **ORDER ON MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER** |

**THIS MATTER** is before the Court on a Motion to Quash and a Motion for Protective Order filed by non-party Gaston County (Doc. No. 14). Gaston County moves to quash Plaintiffs' subpoena *duces tecum* and notice of deposition on the Gaston County Department of Health and Human Services ("GCDHSS"), or in the alternative asks the court to review the documents at issue *in camera*. Gaston County asserts three grounds for its motion: (1) insufficient service of process, (2) the requested documents are outside of GCDHSS's custody, and (3) the requests are for irrelevant information and impose an undue burden.

The Court, having carefully reviewed the motion and discovery requests, finds the following with respect to each claim:

1. The traditional rule regarding service of process for a subpoena requires personal service under FRCP Rule 45(b). 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. 2017). However, a growing minority of cases has departed from this rule and allowed other forms of service. *Id.*; *see, e.g.*, *Bland v. Fairfax Cty.*, 275 F.R.D. 466 (E.D. Va. 2011). Because the Fourth Circuit

has not squarely answered this question, neither party has briefed the issue, and its adjudication is not necessary to the resolution of this Motion, the Court declines to rule on this issue.

2. Requested court records for J.G. and other children placed in the legal or physical custody of Harper or Larson are not maintained by GCDHHS.

3. The extensive requests for production of every email, recording, document, or other item over a ten-year period involving Harper and Larson's custody, care, education, discipline, and support of J.G. and any other children—extending even to internal criticism and information regarding the lifestyle and religion of Harper and Larson—are unduly burdensome and would impose extreme cost upon Gaston County. Plaintiffs have not responded to Gaston County's assertions and have not established the relevance of these requested materials.

Thus, the Court grants the Motion to quash Plaintiffs' Notice of Deposition and subpoena *duces tecum* upon GCDHHS under Fed. R. Civ. P. Rule 45(d)(3)(iv), as subjecting Gaston County to an undue burden. The Court will allow Plaintiffs to amend their discovery requests with respect to documents within the control of GCDHHS to reflect reasonable scope and relevance. Additionally, the Court holds that its previously issued Protective Order (Doc. 11) addresses many of the other concerns raised by Gaston County with respect to the confidentiality of requested materials.

**IT IS THEREFORE ORDERED** that the motion to quash (Doc. No. 14) is hereby **GRANTED**.

Signed: September 11, 2017

Graham C. Mullen
United States District Judge